Filed 9/12/14  P. v. Ojedo CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065490 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. SCS262699 & SCS267996) |
| CARLOS ALBERTO OJEDO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Garry G. Haehnle, Judge.  Affirmed.

Appellant Carlos Alberto Ojedo (Ojedo) entered into a negotiated plea in two separate but related cases, Nos. SCS262699 and SCS267996, and he appeals from the final judgment entered after that plea under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises from a judgment following a guilty plea entered in cases Nos. SCS262699 and SCS267996. The background of the cases and the plea proceeding is discussed below.

*Case No. SCS262699[1]*

On July 25, 2012, while in their home, Ojedo punched his spouse Esmeralda in the face with a closed fist, knocking her down. Ojedo then grabbed her by the hair and pulled her into another room of the house. Esmeralda attempted to walk away from Ojedo, but he again grabbed her by the hair, knocked her down and proceeded to kick her 10 to 15 times, contacting with her ribs, lower abdomen and left leg. Police were called, and arrived to find the two fighting in the garage of the home. Esmeralda had an abrasion to her upper thigh, and her upper lip had a cut and was bleeding. Ojedo fled from police, but was later arrested. A criminal protective restraining order issued, prohibiting Ojedo from contacting Esmeralda.

On February 11, 2013, the People filed a felony complaint (case No. SCS262699), charging Ojedo with felony corporal injury to his spouse, with a special allegation that he previously had been convicted of the same offense (§ 273.5, subds. (a), (e)(1))[2] and with misdemeanor resisting an officer (§ 148, subd. (a)(1)).

---

[1] As Ojedo pled guilty, the facts are drawn from the clerks transcript and the reporters transcript of the preliminary hearing and the plea proceedings.

[2] All statutory references are to the Penal Code unless otherwise indicated.

2

*Case No. SCS267996*

Esmeralda told Ojedo she no longer wanted to be in a relationship with him. Angered, Ojedo sent Esmeralda a text message threatening to kill her. Ojedo showed up at a fashion show Esmeralda attended on October 13, 2013. He yelled at her, saying he was going to "chop" her head off and told her, "You don't think I'm going to do it to you, you f*****g bitch!" Esmeralda was nervous, and went home. Ojedo arrived at the home, apologized to Esmeralda and took her to dinner. Upon returning home, Esmeralda waited for Ojedo to fall asleep and then called police. Esmeralda told police she had a valid restraining order against Ojedo and informed them what had transpired during the day. She also told police that Ojedo hit her "100 times" in the past. Police arrested Ojedo.

The People filed a felony complaint on October 24, 2013, charging Ojedo with having made a criminal threat (§ 422), dissuading a witness (§ 136.1, subd. (a)(1)), twice violating a protective order (§ 166, subd. (c)(1)), and alleging that Ojedo committed such offenses while out on bail for the charges alleged in case No. SCS262699. The complaint was deemed an information, Ojedo was arraigned, and entered a plea of not guilty.

*Plea, Sentencing and Post-sentencing Custody Credit Proceedings*

On January 8, 2014, Ojedo entered into a negotiated plea agreeing to plead guilty to felony corporal injury to a spouse (case No. SCS262699) and felony dissuading a witness (case No. SCS267996), in exchange for dismissal of the balance of the charges and a stipulated three-year concurrent prison sentence. Ojedo's factual basis for the plea was that "on 7/25/12 Def inflicted corporal injury resulting in a traumatic condition upon

3

his spouse," and "on 10/13/13 Def did knowingly and maliciously dissuade a witness from testifying." The court inquired into the plea terms, reviewed the plea form that had been initialed and signed by Ojedo, gave the required constitutional and statutory advisements, informed Ojedo as to the possible consequences of his plea, and took the guilty plea. The People made a motion to dismiss the balance of charges in both cases, which was granted.

On February 6, 2014, the trial court sentenced Ojedo to three years in prison, awarded presentence actual and conduct credits of 236 days in case No. SCS262699 and 213 days in case No. SCS267996, imposed the statutorily required fines and fees, and reserved jurisdiction over victim restitution.

Ojedo timely filed a notice of appeal and request for a certificate of probable cause contesting the validity of the plea. The trial court denied the request for the certificate. Ojedo amended his notice of appeal to challenge only his sentence or other matters occurring after the plea.

On June 18, 2014, Ojedo sent a letter to the trial court to correct an error in the amount of pretrial sentencing credits awarded in case No. SCS262699. On June 26, 2014, the trial court issued a minute order awarding 240 days custody credits, but naming as the recipient another defendant, not Mr. Ojedo. On July14, the trial court issued a minute order, nunc pro tunc to June 26 2014, detailing the correct number of credits to be awarded Mr. Ojedo.

## DISCUSSION

Appointed appellate counsel filed a brief summarizing the facts and proceedings below. Counsel presented no arguments for reversal, but asked this court to review the record for error as mandated by *Wende*, *supra*, 25 Cal.3d 436. Pursuant to *Anders*, *supra*, 386 Cal.4th 738, counsel listed as a possible, but not arguable, issue whether the trial court sentenced Ojedo according to his plea agreement.

We granted Ojedo permission to file a brief on his own behalf. He has not responded.

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 Cal.4th 738, including the possible issue referred to by appellate counsel, has disclosed no reasonably arguable appellate issue. Competent appellate counsel has represented Ojedo on this appeal.

## DISPOSITION

The judgment is affirmed.

IRION, J.

WE CONCUR:


BENKE, Acting P.J.


HALLER, J.

5